IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAY 1 8 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 1:17cr106 |
| v. | Count 1: 18 U.S.C. § 1951(a) Conspiracy to Obstruct Commerce by Robbery |
| DESMAR RASHAD GAYLES, (Counts 1, 3, 4, 7, 9-11, 15, 17, 18, 21, 23-25, 29) | Counts 2-14: 18 U.S.C. §§ 2 & 1951(a) Obstructing Commerce by Robbery |
| ANDREW BERNARD DUNCAN, (Counts 1-11, 16-25, 30-32) | Count 15: 18 U.S.C. §§ 2 and 2119 Carjacking |
| ANTON DURRELL HARRIS, (Counts 1, 8-10, 12-14, 22-24, 26-28, 33-36) | Counts 16-29: 18 U.S.C. §§ 2 & 924(c)(1)(A) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence |
| LAMONT KORTEZ GAINES, (Counts 1, 9, 10, 12-15, 23, 24, 26-29, 37-41) | Counts 30 to 41: 18 U.S.C. §§ 2 & 922(g)(1) Possession of a Firearm by Prohibited Person |
| | Forfeiture: 18 U.S.C. § 981(a)(1)(c) & 28 U.S.C. § 2461(c) |
| Defendants. | |

INDICTMENT

May 2017 Term - at Alexandria

Count One

THE GRAND JURY CHARGES THAT:

From on or about November 1, 2016, and continuing through on or about April 13,

2017, in the Eastern District of Virginia and elsewhere, DESMAR RASHAD GAYLES,

ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ

GAINES, the Defendants herein, did knowingly and unlawfully combine, conspire,

confederate and agree together, and with others known and unknown to the grand jury, to

commit an offense against the United States of America:   namely, to obstruct, delay and

affect commerce by robbery, in violation of Title 18, United States Code, Section 1951.

<u>Ways, Manner, and Means to Accomplish the Conspiracy</u>

The primary purpose of the conspiracy was to obtain money from businesses in the

Eastern District of Virginia by way of armed robbery.   The ways, manner and means by

which this purpose was carried out included the following:

1.      It was part of the conspiracy that members of the conspiracy played different

roles, took upon themselves different tasks, and participated in the affairs of the conspiracy

through various criminal acts.

2.      It was further part of the conspiracy that members of the conspiracy traveled in

interstate commerce to commit armed robberies of businesses.

3.      It was further part of the conspiracy that members of the conspiracy entered the

commercial establishments armed with a weapon for the purpose of robbing the commercial

establishments.

4.      It was further part of the conspiracy that members of the conspiracy unlawfully

took and obtained personal property belonging to commercial establishments in the presence

of employees, against their will by means of actual and threatened force, violence, and fear of

immediate and future injury to their persons, while the employees engaged in commercial

activities as employees of the commercial establishments that were engaged in and that

affected interstate commerce.

5. It was further part of the conspiracy that members of the conspiracy wore masks, gloves, and hooded sweatshirts to hide their identities in order to avoid apprehension and ensure the continuing existence and success of the conspiracy.

6. It was further part of the conspiracy that members of the conspiracy used force and violence to steal motor vehicles.

7. It was further part of the conspiracy that members of the conspiracy used a firearm to steal motor vehicles.

8. It was further part of the conspiracy that members of the conspiracy fled the scene of each robbery, sometimes in stolen vehicles, in order to avoid apprehension and ensure the continuing existence and success of the conspiracy.

9. It was further part of the conspiracy that members of the conspiracy committed and aided and abetted the commission of criminal offenses, including obstructing, delaying, and affecting commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Sections 2, 1951(a), and 924(c).

Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, the Defendants committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. On or about November 1, 2016, Defendant ANDREW BERNARD DUNCAN and two co-conspirators traveled to the 7-Eleven store located at 2305 Huntington Avenue, Alexandria, Virginia, for the purpose of committing an armed robbery.

3

2.     On or about November 1, 2016, ANDREW BERNARD DUNCAN and two co-conspirators brandished a firearm and demanded money from employees of the 7-Eleven store located at 2305 Huntington Avenue, Alexandria, Virginia.

3.     On or about November 1, 2016, Defendant ANDREW BERNARD DUNCAN and two co-conspirators took United States currency and cartons of cigarettes that belonged to the 7-Eleven store located at 2305 Huntington Avenue, Alexandria, Virginia.

4.     On or about November 16, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN traveled to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, for the purpose of committing an armed robbery.

5.     On or about November 16, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN brandished a firearm and demanded money from employees of the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia.

6.     On or about November 16, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN took approximately $200 in United States currency and 20 cartons of Newport cigarettes that belonged to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia.

7.     On or about November 22, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN traveled to the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia, for the purpose of committing an armed robbery.

8.     On or about November 22, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN brandished a firearm and demanded money from an employee of the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia.

9.     On or about November 22, 2016, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN took United States currency and approximately 25 cartons of Newport cigarettes that belonged to the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia.

10.    On or about December 6, 2016, Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the Dash In store located at 11001 Livingston Road, Fort Washington, Maryland, for the purpose of committing an armed robbery.

11.    On or about December 6, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from an employee of the Dash In store located at 11001 Livingston Road, Fort Washington, Maryland.

12.    On or about December 6, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator took approximately $300 in United States currency and 15 packs of Newport cigarettes that belonged to the Dash In store located at 11001 Livingston Road, Fort Washington, Maryland.

13.    On or about December 7, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator traveled to the 7-Eleven store located at 2002 Eisenhower Avenue, Alexandria, Virginia, for the purpose of committing an armed robbery.

14.    On or about December 7, 2016, Defendants ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from an employee of the 7-Eleven store located at 2002 Eisenhower Avenue, Alexandria, Virginia.

5

15. On or about December 7, 2016, Defendants ANDREW BERNARD DUNCAN and a co-conspirator took United States currency and cigarettes that belonged to the 7-Eleven store located at 2002 Eisenhower Avenue, Alexandria, Virginia.

16. On or about December 13, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator traveled to the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia, for the purpose of committing an armed robbery.

17. On or about December 13, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from employees of the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia.

18. On or about December 13, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator took approximately $350 in United States currency that belonged to the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia.

19. On or about December 13, 2016, Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the 7-Eleven store located at 5456 Annapolis Road, Bladensburg, Maryland, for the purpose of committing an armed robbery.

20. On or about December 13, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from an employee of the 7-Eleven store located at 5456 Annapolis Road, Bladensburg, Maryland.

21. On or about December 13, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator took approximately $45 in United States currency and four cartons of

Newport cigarettes that belonged to the 7-Eleven store located at 5456 Annapolis Road, Bladensburg, Maryland.

22.     On or about December 13, 2016, while Defendant ANDREW BERNARD DUNCAN and a co-conspirator entered the 7-Eleven store located at 5456 Annapolis Road, Bladensburg, Maryland, Defendant DESMAR RASHAD GAYLES remained in a vehicle parked near the business in order to facilitate a quick get-away after the robbery.

23.     On or about December 15, 2016, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia, for the purpose of committing an armed robbery.

24.     On or about December 15, 2016, Defendant DESMAR RASHAD GAYLES entered the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia, in order to conduct reconnaissance of the business in advance of the robbery.

25.     On or about December 15, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from employees of the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia.

26.     On or about December 15, 2016, Defendant ANDREW BERNARD DUNCAN and a co-conspirator took approximately $400 in United States currency that belonged to the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia.

27.     On or about December 15, 2016, while Defendant ANDREW BERNARD DUNCAN and a co-conspirator entered the Quality Inn located at 7212 Richmond Highway,

Alexandria, Virginia, Defendant DESMAR RASHAD GAYLES remained in a vehicle parked near the business in order to facilitate a quick get-away after the robbery.

28.     On or about December 22, 2016, Defendant ANDREW BERNARD DUNCAN and two co-conspirators traveled to the 7-Eleven store located at 4921 Edgewood Road, College Park, Maryland, for the purpose of committing an armed robbery.

29.     On or about December 22, 2016, Defendant ANDREW BERNARD DUNCAN and two co-conspirators brandished a firearm and demanded money from employees of the 7-Eleven store located at 4921 Edgewood Road, College Park, Maryland.

30.     On or about December 22, 2016, Defendant ANDREW BERNARD DUNCAN and two co-conspirators took approximately $295 in United States currency and 70 packs of cigarettes that belonged to the 7-Eleven store located at 4921 Edgewood Road, College Park, Maryland.

31.     On or about March 16, 2017, Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the Dash In located at 11001 Livingston Road, Fort Washington, Maryland, for the purpose of committing an armed robbery.

32.     On or about March 16, 2017, Defendant ANDREW BERNARD DUNCAN and a co-conspirator brandished a firearm and demanded money from an employee of the Dash In located at 11001 Livingston Road, Fort Washington, Maryland.

33.     On or about March 16, 2017, Defendant ANDREW BERNARD DUNCAN and a co-conspirator took approximately $134 in United States currency and 15 packs of Newport cigarettes that belonged to the Dash In located at 11001 Livingston Road, Maryland.

8

34.     On or about March 16, 2017, while Defendant ANDREW BERNARD DUNCAN and a co-conspirator entered the Dash In located at 11001 Livingston Road, Fort Washington, Maryland, Defendant DESMAR RASHAD GAYLES remained in a vehicle parked near the business in order to facilitate a quick get-away after the robbery.

35.     On or about March 18, 2017, at 501 Slaters Lane, Alexandria, Virginia, Defendants DESMAR RASHAD GAYLES and LAMONT KORTEZ GAINES brandished a firearm and took a 2010 Nissan Altima, cash, and a phone from the owner of the vehicle.

36.     On or about March 18, 2017, at 4427 23rd Parkway, Temple Hills, Maryland, Defendant ANDREW BERNARD DUNCAN brandished a firearm and took from the owner of a 2014 Nissan Versa the keys to that vehicle.

37.     On or about March 18, 2017, at 4427 23rd Parkway, Temple Hills, Maryland, Defendant ANDREW BERNARD DUNCAN fled the scene in the 2014 Nissan Versa.

38.     On or about March 19, 2017, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS traveled to the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia, for the purpose of committing an armed robbery.

39.     On or about March 19, 2017, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS brandished a firearm and demanded money from an employee of the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia.

40.     On or about March 19, 2017, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS took approximately $330 in United States currency that belonged to the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia.

41.     On or about March 19, 2017, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS fled the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia, in the stolen Nissan Versa.

42.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES traveled to the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia, for the purpose of committing an armed robbery.

43.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS brandished firearms and demanded money from an employee of the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia.

44.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS took approximately $2000 in United States currency that belonged to the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia.

45.     On or about March 19, 2017, while Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS entered the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia, LAMONT KORTEZ GAINES remained in a vehicle parked near the business in order to facilitate a quick get-away after the robbery.

46.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ

10

GAINES traveled to the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia, for the purpose of committing an armed robbery.

47.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS brandished a firearm and demanded money from employees of the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia.

48.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS took approximately $180 in United States currency that belonged to the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia.

49.     On or about March 19, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS fled the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia, in the stolen Nissan Versa.

50.     On or about March 21, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS traveled to the Gamestop located at 5706 Silver Hill Road, District Heights, Maryland, for the purpose of committing an armed robbery.

51.     On or about March 21, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and ANTON DURRELL HARRIS brandished a firearm and demanded money from employees of the Gamestop located at 5706 Silver Hill Road, District Heights, Maryland.

52.     On or about March 21, 2017, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS took approximately $900 in United States currency, two PlayStation 4 Systems, three Xbox One Consoles, and numerous videos that belonged to the Gamestop located at 5706 Silver Hill Road, District Heights, Maryland.

53.     On or about March 26, 2017, at 941 Shepherd Street, Washington, D.C., Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator brandished a firearm and demanded from the owner of a 2015 Mazda MX3 the keys to that vehicle.

54.     On or about March 26, 2017, at 941 Shepherd Street, Washington, D.C., Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator took a 2015 Mazda MX3, a wallet, and a mobile phone from the owner of the vehicle.

55.     On or about March 26, 2017, Defendant DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, for the purpose of committing an armed robbery.

56.     On or about March 26, 2017, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN brandished a firearm and demanded money from an employee of the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia.

57.     On or about March 26, 2017, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN took approximately $250 in United States currency and 12 cartons of Newport cigarettes that belonged to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia.

58.     On or about March 26, 2017, while Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN entered the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, a co-conspirator remained in the stolen Mazda MX3 parked near the business in order to facilitate a quick get-away after the robbery.

59.     On or about March 26, 2017, Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator fled the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, in the stolen Mazda MX3.

60.     On or about March 26, 2017, Defendant DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, and a co-conspirator traveled to the 7-Eleven store located at 8905 Rhode Island Avenue, College Park, Maryland, for the purpose of committing an armed robbery.

61.     On or about March 26, 2017, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN brandished a firearm and demanded money from an employee of the 7-Eleven store located at 8905 Rhode Island Avenue, College Park, Maryland.

62.     On or about March 26, 2017, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN took United States currency that belonged to the 7-Eleven store located at 8905 Rhode Island Avenue, College Park, Maryland.

63.     On or about March 26, 2017, while Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN entered the 7-Eleven store located at 8905 Rhode Island Avenue, College Park, Maryland, a co-conspirator remained in the stolen Mazda MX3 parked near the business in order to facilitate a quick get-away after the robbery.

64.     On or about March 26, 2017, Defendant DESMAR RASHAD GAYLES, Defendant ANDREW BERNARD DUNCAN, and a co-conspirator fled the7-Eleven store located at 8905 Rhode Island Avenue, College Park, Maryland, in the stolen Mazda MX3.

65.     On or about March 29, 2017, Defendant ANDREW BERNARD DUNCAN and a co-conspirator traveled to the Advance America Cash Advance store located at 7289 Commerce Street, Springfield, Virginia, for the purpose of committing an armed robbery.

66.     On or about March 29, 2017, Defendant ANDREW BERNARD DUNCAN and a co-conspirator demanded money from an employee of the Advance America Cash Advance located at 7289 Commerce Street, Springfield, Virginia.

67.     On or about March 29, 2017, Defendant ANDREW BERNARD DUNCAN took approximately $3650 in United States currency that belonged to the Advance America Cash Advance located at 7289 Commerce Street, Springfield, Virginia.

68.     On or about March 29, 2017, in Washington, D.C., Defendant ANDREW BERNARD DUNCAN possessed a firearm as well as $3650 in United States currency that

14

belonged to the Advance America Cash Advance located 7289 Commerce Street, Springfield, Virginia.

69.     On or about April 6, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES traveled to the Advance America Cash Advance store located at 6244 Little River Turnpike, Alexandria, Virginia, for the purpose of committing an armed robbery.

70.     On or about April 6, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES brandished a firearm and demanded money from employees of the Advance America Cash Advance store located at 6244 Little River Turnpike, Alexandria, Virginia.

71.     On or about April 6, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES took approximately $2168 in United States currency that belonged to the Advance America Cash Advance store located at 6244 Little River Turnpike, Alexandria, Virginia.

72.     On or about April 8, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES traveled to the 7-Eleven store located at 3461 Washington Boulevard, Arlington, Virginia, for the purpose of committing an armed robbery.

73.     On or about April 8, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES brandished a firearm and demanded money from employees of the 7-Eleven store located at 3461 Washington Boulevard, Arlington, Virginia.

74.     On or about April 8, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES took approximately $110 in United States currency and 230

packs of Newport cigarettes that belonged to the 7-Eleven store located at 3461 Washington Boulevard, Arlington, Virginia.

75.    On or about April 12, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES traveled to the 7-Eleven located at 4970 Columbia Pike, Arlington, Virginia, for the purpose of committing an armed robbery.

76.    On or about April 12, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES brandished a firearm and demanded money from employees of the 7-Eleven located at 4970 Columbia Pike, Arlington, Virginia.

77.    On or about April 12, 2017, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES took approximately $200 in United States currency and 35 cartons of Newport cigarettes that belonged to the 7-Eleven located at 4970 Columbia Pike, Arlington, Virginia.

78.    On or about April 13, 2017, in Washington, D.C., Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES possessed cartons of Newport cigarettes that they had stolen from the 7-Eleven located at 4970 Columbia Pike, Arlington, Virginia.

79.    On or about April 13, 2017, at 204 Newcomb Street, S.E., Washington, D.C., Defendants DESMAR RASHAD GAYLES, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES possessed an Intratec Model AB10 9 mm pistol with an extended and loaded magazine.

(All in violation of Title 18, United States Code, Section 1951(a).)

16

<u>Count Two</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 1, 2016, in Fairfax County, Virginia, within the Eastern

District of Virginia, Defendant ANDREW BERNARD DUNCAN did unlawfully obstruct,

delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in

Title 18, United States Code, Section 1951, and the movement of articles and commodities in

such commerce, by robbery as that term is defined in Title 18, United States Code, Section

1951, in that the Defendant did unlawfully take and obtain personal property consisting of

United States currency and cartons of cigarettes belonging to the 7-Eleven store located at

2305 Huntington Avenue, Alexandria, in the presence of employees against their will by

means of actual and threatened force, violence, and fear of immediate and future injury to

their persons, while the employees engaged in commercial activities as employees of the 7-

Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

17

Count Three

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 16, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $200 in United States currency and 20 cartons of Newport cigarettes belonging to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the 7-Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

18

<u>Count Four</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 22, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of United States currency and approximately 25 cartons of Newport cigarettes belonging to the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia, in the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of the 7-Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

19

<u>Count Five</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 7, 2016, in Alexandria, Virginia, within the Eastern District of

Virginia, Defendant ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and

affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18,

United States Code, Section 1951, and the movement of articles and commodities in such

commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in

that the Defendant did unlawfully take and obtain personal property consisting of United

States currency and cigarettes belonging to the 7-Eleven store located at 2002 Eisenhower

Avenue, Alexandria, Virginia, in the presence of an employee against his will by means of

actual and threatened force, violence, and fear of immediate and future injury to his person,

while the employee engaged in commercial activities as an employee of the 7-Eleven store, a

business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

20

<u>Count Six</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 13, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendant ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendant did unlawfully take and obtain personal property consisting of approximately $350 in United States currency belonging to the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the 7-Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

21

<u>Count Seven</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 15, 2016, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $400 in United States currency belonging to the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the Quality Inn, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

22

<u>Count Eight</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Arlington, Virginia, within the Eastern District of

Virginia, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS

did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce

as that term is defined in Title 18, United States Code, Section 1951, and the movement of

articles and commodities in such commerce, by robbery as that term is defined in Title 18,

United States Code, Section 1951, in that the Defendants did unlawfully take and obtain

personal property consisting of approximately $330 in United States currency belonging to

the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia, in the

presence of an employee against his will by means of actual and threatened force, violence,

and fear of immediate and future injury to his person, while the employee engaged in

commercial activities as an employee of the Shell Gas Station, a business that was engaged in

and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

23

<u>Count Nine</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $2000 in United States currency belonging to the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia, in the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of the Red Roof Inn, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

## Count Ten

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $180 in United States currency belonging to the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the Domino's Pizza restaurant, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

25

<u>Count Eleven</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 26, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $250 in United States currency and 12 cartons of Newport cigarettes belonging to the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, in the presence of an employee against his will by means of actual and threatened force, violence, and fear of immediate and future injury to his person, while the employee engaged in commercial activities as an employee of the 7-Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

26

<u>Count Twelve</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2017, in Fairfax County, Virginia, within the Eastern District of

Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did

unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as

that term is defined in Title 18, United States Code, Section 1951, and the movement of

articles and commodities in such commerce, by robbery as that term is defined in Title 18,

United States Code, Section 1951, in that the Defendants did unlawfully take and obtain

personal property consisting of approximately $2168 in United States currency belonging to

the Advance America Cash Advance store located at 6244 Little River Turnpike, Alexandria,

Virginia, in the presence of employees against their will by means of actual and threatened

force, violence, and fear of immediate and future injury to their persons, while the employees

engaged in commercial activities as employees of the Advance America Cash Advance store,

a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

27

## Count Thirteen

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 8, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain personal property consisting of approximately $110 in United States currency and 230 packs of Newport cigarettes belonging to the 7-Eleven store located at 3461 Washington Boulevard, Arlington, Virginia, in the presence of employees against their will by means of actual and threatened force, violence, and fear of immediate and future injury to their persons, while the employees engaged in commercial activities as employees of the 7-Eleven store, a business that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

28

<u>Count Fourteen</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 12, 2017, in Arlington, Virginia, within the Eastern District of

Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did

unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as

that term is defined in Title 18, United States Code, Section 1951, and the movement of

articles and commodities in such commerce, by robbery as that term is defined in Title 18,

United States Code, Section 1951, in that the Defendants did unlawfully take and obtain

personal property consisting of approximately $200 in United States currency and 35 cartons

of Newport cigarettes belonging to the 7-Eleven store located at 4970 Columbia Pike,

Arlington, Virginia, in the presence of employees against their will by means of actual and

threatened force, violence, and fear of immediate and future injury to their persons, while the

employees engaged in commercial activities as employees of the 7-Eleven store, a business

that was engaged in and that affected interstate commerce.

(In violation of Title 18, United States Code, Sections 2 and 1951(a).)

<u>Count Fifteen</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 18, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and LAMONT KORTEZ GAINES, with intent to cause serious bodily harm, did unlawfully and knowingly attempt to and take a motor vehicle, specifically a 2010 Nissan Altima, that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another, specifically, MAK, by force and violence and by intimidation.

(In violation of Title 18, United States Code, Sections 2 and 2119.)

30

<u>Count Sixteen</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 1, 2016, in Fairfax County, Virginia, within the Eastern

District of Virginia, Defendant ANDREW BERNARD DUNCAN did knowingly and

unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, that is, the November 1, 2016

interference with commerce by robbery of the 7-Eleven store located at 2305 Huntington

Avenue, Alexandria, Virginia, as set forth and charged in Count Two of this Indictment, and

did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

31

Count Seventeen

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 16, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the November 16, 2016 interference with commerce by robbery of the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, as set forth and charged in Count Three of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

32

## Count Eighteen

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 22, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the November 22, 2016 interference with commerce by robbery of the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia, as set forth and charged in Count Four of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

33

## Count Nineteen

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 7, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendant ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the December 7, 2016 interference with commerce by robbery of the 7-Eleven store located at 2002 Eisenhower Avenue, Alexandria, Virginia, as set forth and charged in Count Five of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

34

## Count Twenty

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 13, 2016, in Alexandria, Virginia, within the Eastern District of Virginia, Defendant ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, the December 13, 2016 interference with commerce by robbery of the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia, as set forth and charged in Count Six of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

35

<u>Count Twenty-One</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 15, 2016, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the December 15, 2016 interference with commerce by robbery of the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia, as set forth and charged in Count Seven of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

36

<u>Count Twenty-Two</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Arlington, Virginia, within the Eastern District of

Virginia, Defendants ANDREW BERNARD DUNCAN and ANTON DURRELL HARRIS

did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a

crime of violence for which they may be prosecuted in a court of the United States, that is, the

March 19, 2017 interference with commerce by robbery of the Shell Gas Station located at

4060 South Four Mile Run, Arlington, Virginia, as set forth and charged in Count Eight of

this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the

crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

## Count Twenty-Three

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the March 19, 2017 interference with commerce by robbery of the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia, as set forth and charged in Count Nine of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

## Count Twenty-Four

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the March 19, 2017 interference with commerce by robbery of the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia, as set forth and charged in Count Ten of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

<u>Count Twenty-Five</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 26, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendants DESMAR RASHAD GAYLES and ANDREW BERNARD DUNCAN did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the March 26, 2017 interference with commerce by robbery of the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, as set forth and charged in Count Eleven of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

40

Count Twenty-Six

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2017, in Fairfax County, Virginia, within the Eastern District of

Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did

knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime

of violence for which they may be prosecuted in a court of the United States, that is, the April

6, 2017 interference with commerce by robbery of the Advance America Cash Advance store

located at 6244 Little River Turnpike, Alexandria, Virginia, as set forth and charged in Count

Twelve of this Indictment, and did knowingly and unlawfully possess such firearm in

furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

<u>Count Twenty-Seven</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 8, 2017, in Arlington, Virginia, within the Eastern District of

Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did

knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime

of violence for which they may be prosecuted in a court of the United States, that is, the April

8, 2017 interference with commerce by robbery of the 7-Eleven store located at 3461

Washington Boulevard, Arlington, Virginia, as set forth and charged in Count Thirteen of this

Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the

crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

42

Count Twenty-Eight

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 12, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendants ANTON DURRELL HARRIS and LAMONT KORTEZ GAINES did knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the April 12, 2017 interference with commerce by robbery of the 7-Eleven store located at 4970 Columbia Pike, Arlington, Virginia, as set forth and charged in Count Fourteen of this Indictment, and did knowingly and unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

43

<u>Count Twenty-Nine</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 18, 2017, in Alexandria, Virginia, within the Eastern District of
Virginia, Defendants DESMAR RASHAD GAYLES and LAMONT KORTEZ GAINES did
knowingly and unlawfully use, carry, and brandish a firearm during and in relation to a crime
of violence for which they may be prosecuted in a court of the United States, that is, the
March 18, 2017 carjacking of the 2010 Nissan Altima at 501 Slaters Lane, Alexandria
Virginia, as set forth and charged in Count Fifteen of this Indictment, and did knowingly and
unlawfully possess such firearm in furtherance of the crime of violence.

(In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).)

44

<u>Count Thirty</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Arlington, Virginia, within the Eastern District of

Virginia, Defendant ANDREW BERNARD DUNCAN, after having been convicted of a

crime punishable by imprisonment for a term exceeding one year, namely, Burglary Two

While Armed and Assault with a Dangerous Weapon (Pistol), in the Superior Court for the

District of Columbia, on or about March 27, 2009, and Unlawful Possession of a Firearm, in

the Superior Court for the District of Columbia, on or about April 5, 2013, did knowingly and

unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model

AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

45

## Count Thirty-One

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendant ANDREW BERNARD DUNCAN, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Burglary Two While Armed and Assault with a Dangerous Weapon (Pistol), in the Superior Court for the District of Columbia, on or about March 27, 2009, and Unlawful Possession of a Firearm, in the Superior Court for the District of Columbia, on or about April 5, 2013, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

Count Thirty-Two

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Alexandria, Virginia, within the Eastern District of

Virginia, Defendant ANDREW BERNARD DUNCAN, after having been convicted of a

crime punishable by imprisonment for a term exceeding one year, namely, Burglary Two

While Armed and Assault with a Dangerous Weapon (Pistol), in the Superior Court for the

District of Columbia, on or about March 27, 2009, and Unlawful Possession of a Firearm, in

the Superior Court for the District of Columbia, on or about April 5, 2013, did knowingly and

unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model

AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

47

<u>Count Thirty-Three</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendant ANTON DURRELL HARRIS, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of a Stolen Vehicle in the 5th Judicial Circuit Court of Richland County, South Carolina, on or about February 10, 2011, and Unauthorized Use of a Vehicle in the Superior Court for the District of Columbia, on or about April 25, 2013, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

Count Thirty-Four

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendant ANTON DURRELL HARRIS, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of a Stolen Vehicle in the 5th Judicial Circuit Court of Richland County, South Carolina, on or about February 10, 2011, and Unauthorized Use of a Vehicle in the Superior Court for the District of Columbia, on or about April 25, 2013, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

49

<u>Count Thirty-Five</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 8, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendant ANTON DURRELL HARRIS, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of a Stolen Vehicle in the 5th Judicial Circuit Court of Richland County, South Carolina, on or about February 10, 2011, and Unauthorized Use of a Vehicle in the Superior Court for the District of Columbia, on or about April 25, 2013, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

50

Count Thirty-Six

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 12, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendant ANTON DURRELL HARRIS, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Possession of a Stolen Vehicle in the 5th Judicial Circuit Court of Richland County, South Carolina, on or about February 10, 2011, and Unauthorized Use of a Vehicle in the Superior Court for the District of Columbia, on or about April 25, 2013, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

<u>Count Thirty-Seven</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendant LAMONT KORTEZ GAINES, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Fleeing from Law Enforcement in the Superior Court for the District of Columbia, on or about December 13, 2013, and Statutory Burglary and Grand Larceny in the Circuit Court for the City of Alexandria, Virginia, on or about November 17, 2016, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

52

Count Thirty Eight

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 19, 2017, in Alexandria, Virginia, within the Eastern District of Virginia, Defendant LAMONT KORTEZ GAINES, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Fleeing from Law Enforcement in the Superior Court for the District of Columbia, on or about December 13, 2013, and Statutory Burglary and Grand Larceny in the Circuit Court for the City of Alexandria, Virginia, on or about November 17, 2016, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

## Count Thirty-Nine

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 6, 2017, in Fairfax County, Virginia, within the Eastern District of Virginia, Defendant LAMONT KORTEZ GAINES, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Fleeing from Law Enforcement in the Superior Court for the District of Columbia, on or about December 13, 2013, and Statutory Burglary and Grand Larceny in the Circuit Court for the City of Alexandria, Virginia, on or about November 17, 2016, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

54

<u>Count Forty</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 8, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendant LAMONT KORTEZ GAINES, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Fleeing from Law Enforcement in the Superior Court for the District of Columbia, on or about December 13, 2013, and Statutory Burglary and Grand Larceny in the Circuit Court for the City of Alexandria, Virginia, on or about November 17, 2016, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

55

<u>Count Forty-One</u>

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 12, 2017, in Arlington, Virginia, within the Eastern District of Virginia, Defendant LAMONT KORTEZ GAINES, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, Fleeing from Law Enforcement in the Superior Court for the District of Columbia, on or about December 13, 2013, and Statutory Burglary and Grand Larceny in the Circuit Court for the City of Alexandria, Virginia, on or about November 17, 2016, did knowingly and unlawfully possess in and affecting interstate commerce a firearm, to wit, an Intratec Model AB10 9 mm pistol bearing serial number A007250.

(In violation of Title 18, United States Code, Sections 2 and 922(g)(1).)

56

## FORFEITURE NOTICE

The Defendants, DESMAR RASHAD GAYLES, ANDREW BERNARD DUNCAN, ANTON DURRELL HARRIS, and LAMONT KORTEZ GAINES, if convicted on counts of this Indictment, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds of the offenses charged in those counts. This property includes, but is not limited to, the following:

(a)      approximately $200 in United States currency and $2,000 worth of property taken from the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, on November 16, 2016;

(b)      approximately $2500 worth of property taken from the 7-Eleven store located at 3023 Duke Street, Alexandria, Virginia, on November 22, 2016;

(c)      approximately $350 in United States currency taken from the 7-Eleven store located at 30 Reynolds Street, Alexandria, Virginia, on December 13, 2016;

(d)      approximately $400 in United States currency taken from the Quality Inn located at 7212 Richmond Highway, Alexandria, Virginia, on December 15, 2016;

(e)      approximately $330 in United States currency taken from the Shell Gas Station located at 4060 South Four Mile Run, Arlington, Virginia, on March 19, 2017;

(f)      approximately $2000 in United States currency taken from the Red Roof Inn located at 5975 Richmond Highway, Alexandria, Virginia, on March 19, 2017;

(g)      approximately $180 in United States currency taken from the Domino's Pizza restaurant located at 5418 Duke Street, Alexandria, Virginia, on March 19, 2017;

57

(h)      approximately $250 in United States currency and $1200 worth of property taken from the 7-Eleven store located at 800 Franklin Street, Alexandria, Virginia, on March 26, 2017;

(i)      approximately $3650 in United States currency taken from the Advance America Cash Advance store located at 7289 Commerce Street, Springfield, Virginia, on March 29, 2017;

j)      approximately $2168 in United States currency taken from the Advance America Cash Advance store located at 6244 Little River Turnpike, Alexandria, Virginia, on April 6, 2017;

(k)      approximately $110 in United States currency and $2300 worth of property taken from the 7-Eleven store located at 3461 Washington Boulevard, Arlington, Virginia, on April 8, 2017; and

(l)      approximately $200 in United States currency and $3500 worth of property taken from the 7-Eleven store located at 4970 Columbia Pike, Arlington, Virginia, on April 12, 2017;

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the Defendants shall forfeit substitute property, up to the value of the amount described above, if by any act or omission of the Defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold, or substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Furthermore, pursuant to Title 18, United States Code, Section 924(d)(1), the firearms

that were used by the Defendants during and in relation to the armed robberies charged in this

Indictment, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(c), shall

be forfeited to the United States.

(Pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); and Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

_____
Foreperson of the Grand Jury

Dana J. Boente
United States Attorney

By: _____
Rebeca H. Bellows
Alexander E. Blanchard
Assistant United States Attorneys