## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:17-CR-106-TSE-4 |
| v. | ) | |
| | ) | The Honorable T.S. Ellis, III |
| LAMONT KORTEZ GAINES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S SENTENCING

On January 26, 2018, Defendant Lamont Kortez Gaines ("Gaines") was convicted by a jury of various criminal counts, including four counts of "using, carrying, and brandishing a firearm during and in relation to a crime of violence" in violation of 18 U.S.C. § 924(c). Section 924(c) carries severe mandatory minimum terms of imprisonment: seven years for a first conviction and 25 years for each subsequent conviction, all to be served consecutively to one another. *Id.* § 924(c)(1). The application of 924(c) in this case would therefore yield a minimum sentence of 82 years in prison — an effective life sentence for Gaines, who is 28 years old.[1]

On May 15, 2018, this Court appointed Covington & Burling LLP as *pro bono* counsel to assist Gaines's trial counsel in researching whether any legal principle exists that "could be applied to avoid imposition of these very severe mandatory terms of imprisonment." Dkt. 209 at 1-2. Since then, undersigned counsel have researched the applicable law, including both

---

[1] Mr. Gaines's three co-conspirators have each received substantially lower sentences — 32 years — pursuant to plea agreements they entered into with the United States. *See* Dkt. 154; Dkt. 202; Dkt. 211.

constitutional and statutory principles.  As this Court is well aware, the application of Section

924(c) can lead to unjust results, and Supreme Court and Fourth Circuit precedent have not been

friendly to arguments challenging the constitutionality of the statute's mandatory minimum

sentences.  *See* Letter from Hon. T.S. Ellis, III to Sen. C. Grassley & Rep. B. Goodlatte (Dec. 1,

2015).  This history notwithstanding, there has been a very recent change in the law that would

permit this Court not to sentence Gaines to 82 years:  the Supreme Court's partial invalidation of

18 U.S.C. § 16's definition of "crime of violence" in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

Section 16's definition of "crime of violence" is materially identical to Section 924(c)'s,

*compare* 18 U.S.C. § 16 *with* 18 U.S.C. § 924(c)(3), and less than two months ago the Supreme

Court struck down an aspect of the definition that has direct application here.  Applying *Dimaya*

to this case would allow the Court to avoid imposing an effective life sentence on Gaines.

## ARGUMENT

### A.   Hobbs Act Robbery Is Not Categorically a "Crime of Violence"

Gaines was convicted of four counts of "using, carrying, and brandishing a firearm" in

connection with a "crime of violence."  Three of those counts were predicated on convictions for

Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one was predicated on a conviction

for carjacking in violation of 18 U.S.C. § 2119.  In order for Section 924(c)'s mandatory

minimum sentences to apply, each of the predicate offenses must qualify as a "crime of

violence."  *See* 18 U.S.C. § 924(c)(1)(A).  To evaluate whether a particular crime qualifies as a

"crime of violence" for sentencing purposes, courts employ the so-called "categorical approach,"

under which they "analyze only the elements of the offense in question, rather than the specific

means by which the defendant committed the crime."  *See United States v. Evans*, 848 F.3d 242,

245-46 (4th Cir. 2017).

Section 924(c)(3) defines "crime of violence" to mean "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The first of these clauses — 924(c)(3)(A) — is commonly referred to as the "force clause," and the second — 924(c)(3)(B) — is referred to as the "residual clause." *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

The Fourth Circuit has recently held that carjacking is categorically a "crime of violence" under the "force clause." *Evans*, 848 F.3d at 247-48. For that reason, Gaines does not contest the application of 924(c) in relation to his carjacking conviction. But the Fourth Circuit has not held that Hobbs Act robbery is categorically a "crime of violence" for purposes of 924(c). In fact, the appeals court recently declined to reach that question, "assuming" for purposes of its decision that Hobbs Act robbery "is not a crime of violence." *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016).

The question here is not whether Hobbs Act robbery can *ever* be a "crime of violence." It is instead whether Hobbs Act robbery must *always* be a "crime of violence." The answer to that question is no — because, as the Fourth Circuit has held in an analogous case, when a statute "allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence." *Fuertes*, 805 F.3d at 498 (holding that sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) is not categorically a "crime of violence" for purposes of Section 924(c)).

The statute itself makes clear that Hobbs Act robbery can be committed through "nonviolent means," and certainly without the degree of "physical force" required by Section

924(c)(3)(A).  The phrase "'physical force' requires the use of 'violent force,' which necessarily 'connotes a substantial degree of force,'" *Evans*, 848 F.3d at 245 (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010)), and many courts have held that Hobbs Act robbery can be committed without "violent force."  For example, the Fourth Circuit has sustained Hobbs Act robbery convictions based on "push[ing]" and "shov[ing]," *United States v. Smith*, 141 Fed. Appx. 83, 86-87 (4th Cir. 2005) (unpublished), and where the defendant did not "directly threaten[] any of the [victims]," *United States v. Pledge*, 51 Fed. Appx. 911, 914 (4th Cir. 2002) (unpublished).

Moreover, and of persuasive weight here, the Fourth Circuit, overruling one of its precedents, recently held that "[b]ecause Virginia common law robbery can be committed when a defendant uses only a 'slight' degree of force that need not harm a victim," it "does not qualify as a violent felony."  *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017) (overruling *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995)); *see also United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) ("North Carolina common law robbery does not qualify categorically as a 'violent felony.'").  The fact that common law robbery is no longer a "crime of violence" in this Circuit should guide the Court's analysis here.[2]

We are not aware of courts having held that Hobbs Act robbery is categorically not a "crime of violence" for purposes of Section 924(c).  But the Fourth Circuit has declined to

---

[2] *Winston* and *Gardner* were both construing the meaning of the phrase "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but numerous cases have now made clear that ACCA's definition of a "violent felony" is substantially similar to Section 924(c)'s definition of "crime of violence."  *See, e.g., Evans*, 848 F.3d at 245 (quoting Supreme Court's interpretation of "physical force" in ACCA to construe Section 924(c)(3)(A)); *compare also Johnson*, 135 S.Ct. at 2557 (invalidating ACCA's "residual clause") *with Dimaya*, 138 S.Ct. at 1216 (relying on *Johnson* to invalidate 18 U.S.C. § 16's "residual clause").

decide the issue, and whether or not Hobbs Act robbery is categorically a "crime of violence" is very much an open question in this Circuit. We believe the better argument, as the law construing the Hobbs Act has evolved over time, is that it is not.[3]

### B.    Section 924(c)'s "Residual Clause" Is Unconstitutional

The pre-*Dimaya* jury instructions in this case provided that Hobbs Act robbery is a "crime of violence." *See* Jury Instructions at 69 ("Crime of Violence"). But those instructions relied on a definition that has since been held unconstitutional: they stated that a "crime of violence" is "an offense that is a felony and has as one of its essential element[s] the use, attempted use, or threatened use of physical force against the person or property of another, *or* an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense." *Id.* (emphasis added).

In other words, following these instructions, the jury could have found Gaines guilty of the three Section 924(c) counts for which Hobbs Act robbery was the predicate offense under the "residual clause," Section 924(c)(3)(B). In light of the Supreme Court's decision in *Dimaya*, however, doing so would no longer pass muster under the Fifth Amendment. In *Dimaya*, the Court held that the "residual clause" of Section 16(b), which is materially identical to Section

---

[3] This Court previously considered this question in the context of a pre-trial motion to dismiss an indictment. *See United States v. McDaniels*, 147 F. Supp. 3d 427 (2015). In *McDaniels*, the Court held that the "categorical approach" does not apply in the motion-to-dismiss context and rejected the argument on those grounds alone. *Id.* at 433. The Court went further, however, ruling that even if the categorical approach did apply on a pre-trial motion to dismiss, Hobbs Act robbery "can serve as a crime of violence" under Section 924(c)(3)(A). *Id.* at 435. *McDaniels* is distinguishable for several reasons. First, the Court relied on *United States v. Presley*, 52 F.3d 64 (4th Cir. 2015), which, as indicated in text above, was subsequently overruled. *See Winston*, 850 at 685. Second, McDaniels appeared to rely heavily upon a single statutory phrase ("fear of injury") that Gaines does not rely upon. In addition, the Court seemed to rest alternatively on Section 924(c)'s "residual clause," *see McDaniels*, 147 F. Supp. 3d at 435 n.13, which *Dimaya* has since effectively invalidated. Finally, Gaines, unlike McDaniels, is not seeking to raise this argument pre-trial. For all these reasons, we do not believe that the Court should feel bound here by its ruling in *McDaniels*.

924(c)'s "residual clause," produced "more unpredictability and arbitrariness than the Due Process Clause tolerates," and invalidated the provision as impermissibly vague. *See Dimaya*, 138 S.Ct. at 1216 (internal citations omitted).

### C.   Conclusion

Gaines has been convicted of serious crimes, and the Court must incarcerate him. But, at 28 years old, he does not deserve to spend the rest of his life in prison. The Fourth Circuit has left open an important question that this Court has the power to answer: whether Hobbs Act robbery is categorically a "crime of violence." We believe, in view of the circumstances of this case, and in light of recent Fourth Circuit precedent, that the answer to that question is no. That does not mean that Hobbs Act robbery can *never* be a "crime of violence." It clearly can be. But the pre-*Dimaya* jury instructions in this case left open the possibility that Gaines was convicted under a "crime of violence" definition that the Supreme Court held two months ago is categorically unconstitutional. *See Dimaya*, 138 S.Ct. at 1216. For these reasons, we

respectfully submit that Gaines should not be subject to mandatory minimum sentences on his

three 924(c) convictions for which Hobbs Act robbery was the predicate crime.


Respectfully Submitted,

/s/ W. Michael Chick, Jr.
W. Michael Chick, Jr.
VSB: 70892
*Trial Counsel for Defendant Lamont Kortez Gaines*
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
Tel:  (571) 276-8279
Fax:  (571) 748-4399
mike@chicklawfirm.com

/s/ Daniel Suleiman
Daniel Suleiman
Kendra N. Mells*
*Appointed Pro Bono Counsel for Defendant Lamont Kortez Gaines*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel:  (202) 662-5811
Fax:  (202) 778-5811
dsuleiman@cov.com

* Ms. Mells is a member of the Bar of Georgia.  Her District of Columbia Bar application is pending; she is supervised by principals of the firm.

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018, I caused a copy of the foregoing **SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S SENTENCING** to be served by the Court's ECF Filing system on all counsel of record.

/s/ W. Michael Chick, Jr.
W. Michael Chick, Jr.
VSB: 70892
*Trial Counsel for Defendant Lamont Kortez Gaines*
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
Tel:  (571) 276-8279
Fax:  (571) 748-4399
mike@chicklawfirm.com