**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Daniel Suleiman**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5811
dsuleiman@cov.com

January 4, 2019

**VIA ECF**

The Honorable T.S. Ellis, III
U.S. District Court Judge
U.S. District Court for the Eastern District of Virginia
401 Courthouse Square
Alexandria, Virginia 22314

Re:  *United States v. Lamont Kortez Gaines,* Case No. 1:17-CR-106-TSE-4

Dear Judge Ellis:

On May 15, 2018, this Court appointed undersigned counsel to research whether any legal principle would allow the Court to avoid imposing a mandatory minimum prison sentence of 82 years on defendant Gaines.  Dkt. 209.  In June and July of last year, the parties filed supplemental briefs addressing this question, *see* Dkt. 216, Dkt. 219, Dkt. 220; and on July 13, 2018, this Court stayed Gaines's case pending the outcome in *United States v. Simms*, No. 15-4640 (4th Cir.), Dkt. 221, which was heard *en banc* by the Fourth Circuit in September 2018 and remains pending.  Gaines has not yet been sentenced by this Court.

In Gaines's supplemental reply brief regarding sentencing, undersigned counsel noted that a bill was pending in Congress that could "cure the unfairness in this case and other similar cases."  Dkt. 220 at 8 n.3.  On December 21, 2018, that bill became law in the form of the "First Step Act."  Section 403(a) of the First Step Act amends 18 U.S.C. § 924(c)(1)(C) -- one of the key provisions at issue in this case -- by striking the phrase "second or subsequent conviction under this subsection" and inserting in its place the phrase "violation of this subsection that occurs after a prior conviction under this subsection has become final."  First Step Act of 2018, S. 756, 115th Cong. (2018) (enacted), *available at* https://www.congress.gov/bill/115th-congress/senate-bill/756.  Section 403(b) of the First Step Act provides that this change "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  *Id.*

On or around January 26, 2018 -- nearly one year prior to the enactment of the First Step Act -- Gaines was convicted of, *inter alia*, four 924(c) counts.  The Government has relied on Section 924(c) to argue that Gaines should serve a mandatory prison term of 82 years: seven years on his first 924(c) conviction and 25 years on each "second or subsequent" 924(c) conviction.

DC: 6939468-1

The Honorable T.S. Ellis, III
January 4, 2019
Page 2

Because Gaines was tried on all four 924(c) counts together, however, he was not convicted of any 924(c) count after a prior one had "become final." Pursuant to the First Step Act, therefore, it is no longer permissible to "stack" 25-year mandatory minimum sentences in the manner in which the Government has sought to do in this case; and because Gaines has not yet been sentenced, the First Step Act applies to him.

Gaines should never have been facing 82 years in prison. Such a sentence bears no rational relationship to the crimes for which he was convicted. And during the pendency of this case, Congress took the remarkable step of ensuring that Gaines and others similarly situated can no longer face the most draconian punishments that have been meted out for decades under Section 924(c). In short, a mandatory minimum prison sentence of 82 years is not only no longer appropriate for Gaines; it is also no longer legal.

Because Gaines continues to maintain his position that Hobbs Act robbery is not categorically a "crime of violence" for purposes of Section 924(c), and the *en banc* Fourth Circuit has not yet decided *Simms*, we recognize that the Court may wish to maintain the stay in this case; in the meantime, however, we thought it important to highlight for the Court the immediate implications of the First Step Act.

Respectfully Submitted,

/s/ Daniel Suleiman
Daniel Suleiman
Kendra N. Mells
*Appointed Pro Bono Counsel for Defendant Lamont Kortez Gaines*
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel:  (202) 662-5811
Fax:  (202) 778-5811
dsuleiman@cov.com

/s/ W. Michael Chick, Jr.
W. Michael Chick, Jr.
VSB: 70892
*Trial Counsel for Defendant Lamont Kortez Gaines*
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
Tel:  (571) 276-8279
Fax:  (571) 748-4399
mike@chicklawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2019, I caused a copy of the foregoing **Letter to The Honorable T.S. Ellis, III** to be served by the Court's ECF Filing system on all counsel of record.

/s/ W. Michael Chick, Jr.
W. Michael Chick, Jr.
VSB: 70892
*Trial Counsel for Defendant Lamont Kortez Gaines*
Law Offices of W. Michael Chick, Jr.
10513 Judicial Drive, Suite 102
Fairfax, Virginia 22030
Tel:  (571) 276-8279
Fax:  (571) 748-4399
mike@chicklawfirm.com